**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.:

DYLAN CLARKE, Individually and on behalf of all others similar situated,

    Plaintiff

    v.

THE VAIL CORPORATION, d/b/a VAIL RESORTS MANAGEMENT COMPANY,

    Defendant

---

**CLASS ACTION COMPLAINT**

---

1. Defendant Vail Resorts sold thousands of annual, weekly and multiday ski passes to consumers. Many consumers had weeks if not months of time remaining on their passes when on March 14, 2020, Vail Resorts announced that it was shutting down all its ski resorts for one week and then, on March 17, 2020, confirmed that its resorts would remain closed for the entire season.[1] Yet, to date, Vail Resorts has not yet refunded Plaintiff and class members money equal to the prorated time remaining on their passes.

## I.   PARTIES

2. Defendant The Vail Corporation ("Vail Resorts") is a Colorado corporation and the operator of more than 34 North American ski resorts throughout the United States. Vail Resorts is headquartered in Broomfield, Colorado and, according to its website, all its "corporate offices" are located in Broomfield, Colorado. Customers access Defendant's resorts by purchasing lift tickets also called ski passes from Defendant which give customers access to Defendant's slopes. Although Defendant sells one day lift tickets, many customers prefer to purchase multi-day, weekly or full season access passes that Defendant markets as "Epic Passes." On information and belief, decisions regarding the nationwide marketing of Epic Passes are made at Defendant's corporate offices in Colorado. In addition, on information and belief, the decision not to offer compensation to consumers for their inability to use their Epic Passes was also made at corporate offices in Colorado. Specifically, the decision was ultimately made by Vail Resorts CEO Robert Katz, who is located in Broomfield Colorado.

3. Dylan Clarke purchased an Epic Pass to ski at the Vail Resorts owned resorts in the 2019-2020 ski season. He was not permitted to ski using his Epic pass, including during a long-planned family vacation during the week of Mar. 16, 2020.

## II.   JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in

---

[1] https://www.snow.com/info/vail-resorts-covid-19-resort-closing-update.aspx (last accessed April 24, 2020).

excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

5. This Court has personal jurisdiction over Defendant because Defendant is a Colorado corporation and conducts substantial business within Colorado and because Plaintiff resides in Colorado.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

### III.   COMMON FACTUAL ALLEGATIONS

1. Defendant Vail Resorts heavily markets multi-day, weekly and full season ski passes that it brands as "Epic" passes. Specifically, to visit Defendant's mountain resorts, consumers can purchase (1) annual passes for prices ranging from $319 to $979; (2) weekly passes from $391 to $766; (3); or day/multi-day passes from $67 to $766 (collectively "EPIC passes"). For customers that buy Epic Day Passes, they have the option to buy passes in packages for "1 to 7 total days." Vail also offers various discounted Epic Passes for promotional and marketing purposes, but that do not differ from full price Epic Passes in any other respect.

2. Defendant sells "Epic Passes" promising "unlimited, unrestricted skiing at [its] best resorts."[2] Defendant also promises that its passes are the "best way to ski … 7 days a week."[3] Defendant also markets together with the passes certain pass insurance together with its passes. This pass insurance provides coverage under certain circumstances when a customer cannot utilize his or her pass. The pass insurance and Defendant's website provide an express ski season duration which, on information and belief, for the 2019-2020 season was October 15, 2019 to April 15, 2020. This pass insurance is marketed to every consumer at the point of sale directly before the purchase of his or her Epic Pass.

---

[2] https://www.vail.com/plan-your-trip/lift-access/passes/epic-pass.aspx (last accessed April 9, 2020).

[3] https://www.epicpass.com/passes/tahoe-local-pass.aspx (last accessed April 9, 2020).

3. At the time of purchase, Plaintiff and class members are forced to sign a general release. However, this release is expressly limited to claims "ARISING IN WHOLE OR IN PART OUT OF THE PASS HOLDER'S PARTICIPATION IN THE ACTIVITY."

4. The season dates provided on Defendant's website are consistent with the reasonable expectations of its customers based on historic closing dates. Specifically, in the prior five ski seasons, Vail resort was open for skiing through middle-to-late April.[4] Breckenridge has been open through late May.[5]

5. On March 14, 2020, Defendant announced that it was closing all of its mountain resorts for one week in light of the COVID-19 pandemic. Subsequently, Defendant announced that its "North American resorts and retail stores will remain closed for the 2019-20 winter ski season."[6]

6. To date, Defendant has not refunded any consumers for their lost mountain resort access. Rather, for annual pass-holders, Defendant has simply deferred all auto-renewal charges and spring deadlines (for those people that did not pre-pay for the entire season). Further, for Epic Day Pass customers, Defendant has explicitly stated that, despite Defendant's closures, the passes are "non-refundable and non-transferable to another season."[7] Accordingly, customers who did not have a chance to use all of their purchased passes under the Epic Day Pass program get zero consideration or compensation for their inability to use those unused, purchased days, even if they wanted to.

7. Defendant's conduct clearly breached the contract between Plaintiff's and class members, which promised Plaintiff and class members access to Defendant's resorts for the entire ski season, which Defendant itself defined as lasting until at least April 15, 2020.

8. Resultingly, Defendant has breached its contracts with class members, as well as unjustly enriched itself by retaining passholder fees of hundreds of thousands of consumers – while denying passholders all access to all of Defendant's mountain resorts.

9. Plaintiff was one of these customers. He and his family, including his parents, sister, and children had planned a ski trip during the week of Mar. 16. Plaintiff's extended family came from out

---

[4] https://www.snowpak.com/colorado/vail/opening-dates (last accessed April 23, 2020).

[5] https://www.snowpak.com/colorado/breckenridge/opening-dates (last accessed April 23, 2020).

[6] https://www.snow.com/info/covid-19-update (last accessed April 24, 2020).

[7] https://www.snow.com/info/message-to-our-guests.aspx (last accessed April 24, 2020).

of state for the ski trip. Plaintiff was going to ski at Breckenridge and Keystone resorts using his Epic Pass during this trip. Plaintiff's father was going to ski at Breckenridge and Keystone using the "buddy pass" given to purchasers of the Epic Pass. Plaintiff and his family were not permitted to ski during this trip due to the closure of Defendant's ski resorts.

## IV.   CLASS ACTION ALLEGATIONS

1. Plaintiff seeks relief in this action individually, and on behalf of all of Defendant's customers nationwide that purchased Epic passes for the 2019-2020 season who, as of March 15, 2020, had not used up all of the days remaining on their Epic Passes. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all of Defendant's customers nationwide that purchased Epic Passes and, as of March 15, 2020, had not used up all of the days remaining on their Epic Passes.

2. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

3. Excluded from the Class are the Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

4. Plaintiff is a member of the Class he seeks to represent.

5. Defendant has hundreds of thousands of customers nationwide that purchased resort passes that cannot be used. Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

6. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Such common questions include but are not limited to the following:

- Whether Defendant's conduct is unfair, unconscionable, or otherwise violates C.R.S. § 6-1-105.

- Whether Defendant's statements that it was not required to compensate Plaintiff and Class members for the unused portions of their Epic Passes because the passes were "nonrefundable" was a false or misleading statement.

- Whether Plaintiff and Class members are entitled to statutory or treble damages.

- Whether an enforceable contract exists between Defendant and Class members and, if so, the terms of such contract.

- Whether Defendant's conduct breached the terms of any contract.

- Whether, in the absence of an enforceable contract, Defendant may justly retain 100% of the monies paid by Class members for their Epic passes.

- The amount of money paid by Class members to Defendant.

7. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was paid for his resort pass promising mountain access but was denied entry and suffered losses as a result.

8. Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

9. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability

issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
## COLORADO CONSUMER PROTECTION ACT
## (COLORADO REVISED STATUE 6-1-113)

10. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

11. Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendant. Plaintiff and class members are actual consumers of Defendant's Epic Passes.

12. In the course of its business, Defendant has knowingly refused to refund to Plaintiff and Class members any portion of the monies paid for Epic Passes.

13. Defendant has no legal right to retain such money.

14. Defendant's action, which deprive Plaintiff and class members of significant sums of money without legal justification, are unfair and unconscionable.

15. Defendant's assertions to Plaintiff and Class members that Plaintiff and Class members are not entitled to be compensated for the unused portions of their Epic Passes because Epic passes are "non-refundable" is a false statement or, at least, intentionally misleading statement.

16. As a result of Defendant's false statements and unfair and unconscionable conduct, Plaintiff and class members have been injured.

## COUNT II
## BREACH OF EXPRESS WARRANTY

17. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

18. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.

19. In connection with the sale of passes, Defendant issues an express warranty that customers would have unlimited access to its mountain resorts for the entire season, which Defendant defined as lasting until at least April 15, 2020, or for the Epic Day or Weekly Passes, that they would have access to Defendant's mountain resorts for a specified number of days or a stated or established time.

20. Defendant's affirmation of fact and promise in Defendant's marketing and signage became part of the basis of the bargain between Defendant and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendant's affirmation of fact, representations, promise, and description.

21. Defendant breached its express warranty because Defendant does not provide unlimited access to its mountain resorts, and, for the Epic Day or Weekly Passes, does not provide access to resorts even for customers who still have unused Epic Day or Weekly Passes left for the 2019-2020 season. In fact, Defendant has retained the full amount of its pass fees while 100 percent of its mountain resorts are closed.

22. Plaintiff and the Class members were injured as a direct and proximate result of Defendant's breach because: Plaintiff and the Class suffered injuries caused by Defendant because: they would not have purchased or paid for Defendant's passes absent Defendant's representations and omission of a warning that it would retain members' passholder fees while all mountain resorts nationwide are closed; (b) they would not have purchased passes on the same terms absent Defendant's representations and omissions; (c) they paid a price premium for Defendant's passes based on Defendant's misrepresentations and omissions; and (d) Defendant's passes did not have the characteristics, benefits, or quantities as promised.

## COUNT III
## BREACH OF CONTRACT

23. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

24. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.

25. Defendant entered contracts with Plaintiff and Class members to provide access to its mountain resorts for specified periods of time in exchange for the payment of pass fees. For weekly or multiday Epic Passes, this period of time is the number of days of the pass. For season Epic Pass holders, this period of time is, at minimum, the dates specified and advertised on Defendants own website in conjunction with the sale of insurance, namely October 15, 2020 to April 15, 2020. In the alternative, a "season," by longstanding custom, is defined as the maximum amount of time during

which skiable snow conditions exist. Such conditions existed at all Defendants North American resorts through at least April 15, 2020.

26. Defendant has breached these contracts by retaining and Class members' full pass fees while 100 percent of its mountain remain closed. Plaintiff and Class members have suffered an injury through the payment of pass fees while not having access to Defendant's mountain resorts.

27. Plaintiff and Class members are entitled to damages or restitution equal to a pro-rated amount determined by the days remaining on their Epic Pass.

## COUNT IV
## UNJUST ENRICHMENT
## (IN THE ALTERNATIVE)

28. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff brings this claim, in the alternative in the event, the Court determines no enforceable contract exists or that Plaintiff's contractual remedies are inadequate.

29. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant, alternatively to relief claimed in the other causes of action.

30. Plaintiff and members of the Class conferred benefits on Defendant by paying, and being charged, pass fees while 100 percent of Defendant's mountain resorts were and remain closed.

31. Defendant has knowledge of such benefits.

32. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' pass fees. Retention of those moneys under these circumstances is unjust and inequitable because Defendant is retaining its customers' full pass fees while 100 percent of its mountain resorts remain closed. These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendant's pass fees had the true facts been known.

33. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

(b) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## VI. JURY DEMAND

34. Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: April 24, 2020.

**NORTON FRICKEY, P.C.**

By: _s/ Craig R. Valentine_
Craig Valentine
2301 E. Pikes Peak Ave., Suite 205
Colorado Springs, CO  80909
Telephone: (719) 634-6450
Facsimile: (719) 634-6807
E-mail: craig@coloradolaw.com

**THE PAYNTER LAW FIRM, PLLC**
Stuart M. Paynter
1200 G Street NW, Suite 800
Washington, DC 20005
Telephone: (844) 204-9965
Facsimile: (866) 734-0622
E-mail: stuart@paynterlaw.com